L. W. MOODY v. JOHN DILLEMUTH, WEINARD DILLEMUTH, AGNES DILLEMUTH AND WILLIAM GAEDKE, Appellants.

Evidence: MOTION TO STRIKE. Where oral testimony of the con-
1   tents of a chattel mortgage is received without objection, granting a motion to strike it out after both parties have rested and there has been no refusal of the right to substitute the mortgage itself, is a discretionary matter with the court.

Note: NOTICE: EVIDENCE. Where the defense to a suit on a note
2   in the hands of an assignee is the wrongful foreclosure by the payee of a chattel mortgage securing the same and a conversion of property more than sufficient to pay the note, in the absence of proof that the mortgage covered the property converted or secured payment of the note, the evidence is insufficient to charge plaintiff, a purchaser for value, with notice.

*Appeal from Calhoun District Court.*—HON. SAMUEL EL-
WOOD, Judge.

MONDAY, FEBRUARY 2, 1903.

ACTION on a promissory note dated June 11, 1898, for $545, payable in two years, with $259.52 indorsed thereon July 11, 1898, executed by defendants to F. G. Hillman, and by him transferred to the plaintiff. The defendants admitted the execution of the note, and pleaded by way of defense or counterclaim that on June 8, 1898, John and Weinard Dillemuth entered into a contract with Hillman in pursuance of which on June 11th they exchanged a team

of horses, with harness, and a dwelling house and lots, subject to incumbrance, at the agreed consideration of $465, with him, for a stock of hardware, tinning tools, and fixtures, in Pomeroy (new goods being invoiced at cost price, with freight added, and the old goods at their actual value), and that for the difference they executed two promissory notes, of $545 each, one due a year from date, and the other in two years, the latter being the note sued on); that the Dillemuths immediately took possession of the stock, and began business; that, on the 22d of June, Hillman requested the execution of a mortgage on the stock to secure the notes, representing that he would not interfere with their business, but allow them to continue as before, and, as soon as they procured a responsible surety to sign the note first falling due, said mortgage would be released; that said representations were made with the intention of not keeping them, and to deceive; that said Dillemuths, relying thereon, executed said mortgage; that, as soon as said mortgage was executed, said Hillman, contrary to his agreement, and ostensibly under a condition of the mortgage permitting him to take possession whenever he might choose so to do, seized the stock of goods, to the value of about $1,500; that thereafter he agreed to permit said Dillemuths to resume control of their property, and to cease prosecuting said foreclosure proceedings, if they would procure the release of a prior mortgage on the stock which had been executed to the plaintiff and a signer of the note; that this they did, but said Hillman thereupon refused to return the property, and converted it to his own use; that plaintiff took said note from Hillman with notice of the claims of defendants. Wherefore defendants prayed that they might go hence with their costs. After defendants had introduced their evidence, the court, on motion, directed a verdict for plaintiff, on which judgment was rendered. The defendants appeal.—*Affirmed.*

*Healy & Healy* for appellants.

*Chas. O. Longley* and *D. M. Kelleher* for appellee.

LADD, J.—It will be noticed from the above statement that the substratum of the defense or counterclaim is the execution of the mortgage by the Dillemuths to Hillman, covering their stock of goods, and securing the notes executed to him.    Indeed, this alleged mortgage furnishes the only connection between the wrongful conversion of the stock of goods averred and the note sued on.    While it appears a mortgage was given, the defendants omitted proof that it covered the stock of goods, or that it secured the payment of the note.    True, John Dillemuth testified that he executed a mortgage on the stock of goods to secure Hillman, but had never read it.    This, however, in so far as stating the contents of the mortgage, was stricken

1. EVIDENCE: motion to strike. on motion.    The correctness of this ruling is not questioned in argument.    While the court may refuse to exclude evidence on motion, after being received without proper objection having been interposed, it is not error to strike it from the record, as no one can well complain if compelled to sustain his contention with the best evidence he is capable of producing.    The matter is within the sound discretion of the trial court.    Possibly a delay in presenting such motion until the parties have rested might in some cases be objectionable; but when the trial is completed in a single day, and permission to substitute other evidence is not refused, there could have been no prejudice.    See 1 Thompson, Trials, section 715. In the absence of proof that the mortgage covered the

2. NOTE: notice; evidence. stock, or secured payment of the note sued on, the evidence was insufficient to charge plaintiff with notice; and, as he purchased before maturity, for value, the court rightly directed a verdict in his favor.—AFFIRMED.